Ryan E. Hatch (SBN 235577)
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5076
Facsimile: 310-693-5328
ryan@hatchlaw.com

*Attorney for Plaintiff John Hanrahan*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANRAHAN, | Case No. 2:22-cv-6514 |
| Plaintiff, | **COMPLAINT** |
| v. | DEMAND FOR JURY TRIAL |
| HONEY SCIENCE LLC, PAYPAL HOLDINGS, INC. | |
| Defendants. | |

Plaintiff John Hanrahan ("Plaintiff") by and through his attorney, files this Complaint against defendants Honey Science LLC ("Honey") and Paypal Holdings, Inc. ("PayPal") (collectively "Defendants"), alleging as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief, including for Defendants' infringement of Plaintiff's copyright in his Coin Man Character (the "Copyrighted Work").

2. Plaintiff created, designed and published the Copyrighted Work. The Copyrighted Work was first published on the Internet in 2012. As a result, Plaintiff is the owner of all rights in the Copyrighted Work. Since the creation of the Copyrighted Work, Plaintiff has regularly published the Copyrighted Work on websites he controls which have been viewed by millions of unique visitors from the United States and around the world.

3. All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, distribution and public display of various images that are copied from, derivate of, and substantially similar to Plaintiff's Copyrighted Work ("Infringing Works"). Plaintiff thereby is suing for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

4. Plaintiff seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiff's damages, Defendants' revenues from Defendants' infringing conduct, statutory damages, and other monetary relief.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, and 1338(a).

6. Venue is proper in this district as Honey's principal place of business is in Los Angeles, within this district, and a substantial part of the events or omissions

1  giving rise to this claim occurred within this district. Honey is wholly owned by
2  PayPal, which conducts an extensive amount of business within this district.

3    7.    Plaintiff is an individual who resides in Sunland, California. Plaintiff
4  owns and operates Glowzap, an online community in which users are able to share,
5  view, and rate content from the Internet.

6    8.    Defendant Honey Science LLC is a corporation incorporated in
7  Delaware and has a principal place of business in Los Angeles, California. On
8  information and belief, Honey is an online shopping rewards platform with utilizes
9  browser add-ons and mobile apps to provide discounts and rewards to users.

10    9.    On information and belief, Defendant PayPal Holdings, Inc. is a
11  corporation incorporated in Delaware. PayPal is well known, multi-billion dollar
12  online payment system with a heavy presence throughout California and worldwide.

**FACTS**

14    10.    Plaintiff owns and operates Glowzap, an interactive news and content
15  website in which registered users may share, view and review varied online content.
16  In connection with his business ventures, Plaintiff adds content to and publishes
17  pages hosting information shared by users.

18    11.    In or around 2012, Plaintiff created certain original imagery to post
19  online to promote the activities of Glowzap. This included the copyrighted image of
20  a coin containing simulated arms. legs, eyes, nose and mouth. The representation of
21  this image has been repeatedly published online from 2012 to present on
22  www.glowap.com and in marketing materials used by Plaintiff.

23    12.    Plaintiff has a background and degrees in graphical design. Based
24  upon this experience, Plaintiff has invested substantially in designing and
25  implementing his Coin Man Character for the Glowzap website. A significant part
26  of the user experience of the Glowzap website includes repeated displays of the
27  Copyrighted Work.

13. Plaintiff internally referred to the Copyrighted Work as the "Coin Man" or "Coin Man Character." The Coin Man Character is protected by U.S. Copyright Registration No. VA 2-183-337, the Certificate of Registration for which is attached hereto as Exhibit A.

14. Plaintiff's Copyrighted Work is often published in a manner in which it is animated in a fashion resembling dancing.

15. Plaintiff has retained rights for himself in the Copyrighted Work since its creation.

16. On December 19, 2019, Plaintiff obtained federal registration for the Copyrighted Work from the United State Copyright Office, registration number VA 2-183-337. This registration is currently valid and enforceable within the United States.

17. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

18. Plaintiff's business, Glowzap, has enjoyed success as an online aggregator of content pertaining to topics ranging from news to commerce to media to science. This success has led to unique visitors to his company's websites. These websites have prominently displayed representations of the Copyrighted Work on a consistent basis.

19. The Copyrighted Work is of significant value to Plaintiff because it serves as a visual representation of the Plaintiff's enterprise and as an eye-catching aspect of Plaintiff's business.

20. On information and belief, Honey is a business which utilizes a browser add-on, website and mobile application to allow customers to earn monetary rewards for shopping with certain merchants or to utilized crowd-sourced and original discount codes a merchant websites. The service currently has 17

million registered users.

21. Honey is wholly owned by PayPal based upon a $4 Billion acquisition deal completed in January 2020. PayPal has continued the use of the Infringing Works, despite actual warning and knowledge from Plaintiff of his objections to their use.

22. Honey has utilized a still and animated dancing coin similar to the Copyrighted Work on a continuous basis, continuing to present. This includes on an online pop-up during customer transactions, digital marketing for the company and in other promotional materials.

23. Defendants, through one of its agents, contractors and/or employees, accessed and viewed Plaintiff's Copyrighted Work and intentionally copied and made a derivative work of the Copyrighted Work to create the Infringing Works. That Defendants copied the Copyrighted work when they created the Infringing Works is evidenced by the striking similarities between the Copyrighted Work and the Infringing Works which cannot be reasonably explained other than as a result of the copying.

24. For the sake of comparison, the images of Plaintiff and Defendants are displayed side by side as follows, with Plaintiff's character on the left and Defendants' character on the right:

 

25. As noted, the images used by Plaintiff and Defendants bear substantial

similarities in the use of expressive elements.  These include but are not limited to:

  a. shapes of the coins;

  b. coloration of the images;

  c. diagonal shine line across eyes;

  d. similar mouth size and placement;

  e. rounded edge to circle;

  f. same leg length ratio

 The combination of these elements as used by Plaintiff was created in 2012 and published online continuously since 2012.

 26. Defendants copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

 27. Defendants have copied the Copyrighted Work to create the Infringing Works in connection with its vast and repeated marketing efforts of Honey.  On information and belief, Defendants have displayed infringing images many millions of times per year in various forms.

 28. Plaintiff learned of the infringement on September 13, 2019.

 29. Thereafter, Plaintiff attempted to communicate with principals and agents of Defendants to object to their use of images which infringed upon the Copyrighted Work.  Finding no resolution with Defendants, by and through his attorneys, Plaintiff sent a formal cease and desist letter to Defendants on January 8, 2020.

 30. Through various counsel for Defendants, Defendants have expressed an unwillingness to discontinue their usage of infringing images or otherwise compensate Plaintiff its past and ongoing infringing activities.

 31. As a result of the Defendants' actions, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution and public display of the Infringing Works.  Defendants have never

accounted to or otherwise paid Plaintiff for their use of the Copyrighted Work.

32. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE –COPYRIGHT INFRINGMENT
### (17 U.S.C. § 501)

33. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

34. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work.

35. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached as Exhibit A.

36. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, and public display of the Infringing Works which are copied from, derivative of, and substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendants have directly and indirectly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

37. On information and belief, Defendants' infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendants illegally to obtain profit therefrom.

38. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct

1 alleged herein, including from any and all sales incorporating or embodying the
2 infringing works and an accounting of and a constructive trust with respect to such
3 profits.

4     39.    Alternatively, Plaintiff is entitled to the maximum statutory damages
5 pursuant to 17 U.S.C. § 504(c), for Defendants' infringing conduct for each of
6 Plaintiff's works that Defendant has infringed, and for such other amount as may be
7 proper pursuant to 17 U.S.C. § 504(c).

8     40.    Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17
9 U.S.C. § 505.

10     41.    As a direct and proximate result of the Defendants' infringing conduct
11 alleged herein, Plaintiff has sustained and will continue to sustain substantial,
12 immediate, and irreparable injury, for which there is no adequate remedy at law. On
13 information and belief, unless Defendants' infringing conduct is enjoined by this
14 Court, Defendants will continue to infringe the Copyrighted Work. Plaintiff
15 therefore is entitled to permanent injunctive relief restraining and enjoining
16 Defendants' ongoing infringing conduct.

**COUNT TWO – INDIRECT COPYRIGHT INFRINGMENT**
**(17 U.S.C. § 501)**

19     42.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.
20     43.    The Copyrighted Work is an original work of visual art containing
21 copyrightable subject matter for which copyright protection exists under the
22 Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights
23 under copyright in and to the Copyrighted Work.

24     44.    Plaintiff owns a valid copyright registration for the Copyrighted Work,
25 attached as Exhibit A.

26     45.    Through Defendants' conduct alleged herein, including Defendants'
27 reproduction, distribution, and public display of the Infringing Works which are

28

copied from, derivative of, and substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendants have indirectly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501, by committing vicarious and contributory copyright infringement.

46. Each defendant knowingly cooperated in the other's infringing conduct and is therefore liable as a contributory and vicarious infringer. For example, on information and belief, Paypal exercises direct control and monitoring over Honey's use of the Coin Man Character, such that Paypal is liable as a contributory infringer. On information and belief, Paypal and Honey also have an apparent or actual partnership such that they have authority to bind one another in transactions with third parties, and exercise joint ownership and control over the infringing Honey products and services.

47. Defendants' infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendants illegally to obtain profit therefrom.

48. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales incorporating or embodying the infringing works and an accounting of and a constructive trust with respect to such profits.

49. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), for Defendants' infringing conduct for each of Plaintiff's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

1  50. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17
2  U.S.C. § 505.

3  51. As a direct and proximate result of the Defendants' infringing conduct
4  alleged herein, Plaintiff has sustained and will continue to sustain substantial,
5  immediate, and irreparable injury, for which there is no adequate remedy at law. On
6  information and belief, unless Defendants' infringing conduct is enjoined by this
7  Court, Defendants will continue to infringe the Copyrighted Work. Plaintiff
8  therefore is entitled to permanent injunctive relief restraining and enjoining
9  Defendants' ongoing infringing conduct.

## COUNT THREE – TRADEMARK INFRINGEMENT
### (Lanham Act § 43, 15 U.S.C. § 1125)

12  52. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

13  53. Plaintiff is the owner of a valid and protectible trademark in the form of
14  the Coin Man Character.

15  54. The Coin Man Character is distinctive and non-functional.

16  55. Defendants infringed the trademark in the Coin Man Character by
17  using in commerce the Infringing Works, which include a coin man mark and trade
18  dress that is similar to Plaintiff's own Coin Man Character, and in a manner that is
19  likely to cause confusion among consumers.

20  56. In addition, each defendant is also liable for secondary infringement.
21  Each defendant knowingly cooperated in the other's infringing conduct and is
22  therefore liable as a contributory and vicarious infringer. For example, on
23  information and belief, Paypal exercises direct control and monitoring over Honey's
24  use of the Coin Man Character, such that Paypal is liable as a contributory infringer.
25  On information and belief, Paypal and Honey have an apparent or actual partnership
26  such that they have authority to bind one another in transactions with third parties,
27  and exercise joint ownership and control over the infringing Honey products and

services.

57. Defendants' infringement has been willful.

58. Plaintiff has suffered harm as a result of the trademark infringement, in an amount to be determined at trial.

59. Plaintiff seeks injunctive relief, monetary relief in the form of actual damages and Defendants' profits, and attorneys' fees under 15 U.S.C. § 117(a).

## COUNT FOUR - TRADE DRESS INFRINGEMENT
### (Lanham Act § 43, 15 U.S.C. § 1125)

60. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

61. Plaintiff is the owner of a valid and protectible trade dress in the form of the Coin Man Character.

62. The Coin Man Character is distinctive and non-functional.

63. Defendants infringed the trade dress in the Coin Man Character by using in commerce the Infringing Works, which include a coin man mark and trade dress that is similar to Plaintiff's own Coin Man Character, and in a manner that is likely to cause confusion among consumers.

64. In addition, each defendant is also liable for secondary infringement. Each defendant knowingly cooperated in the other's infringing conduct and is therefore liable as a contributory and vicarious infringer. For example, on information and belief, Paypal exercises direct control and monitoring over Honey's use of the Coin Man Character, such that Paypal is liable as a contributory infringer. On information and belief, Paypal and Honey also have an apparent or actual partnership such that they have authority to bind one another in transactions with third parties, and exercise joint ownership and control over the infringing Honey products and services.

65. Defendants' infringement has been willful.

66. Plaintiff has suffered harm as a result of the trade dress infringement, in

an amount to be determined at trial.

67. Plaintiff seeks injunctive relief, monetary relief in the form of actual damages and Defendants' profits, and attorneys' fees under 15 U.S.C. § 117(a).

## COUNT FIVE – UNFAIR COMPETITION

### (Unfair Competition, Cal. Bus. & Prof. Code, §§ 17200 et seq.)

68. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

69. Defendants have committed unlawful, unfair, and fraudulent business acts and practices, in violation of Cal. Bus. & Prof. Code, §§ 17200, et seq.

70. As discussed above, Defendants have infringed the copyright, trademark, and trade dress in the Coin Man Character by using in commerce the Infringing Works, which include a coin man image, mark, and trade dress that is similar to Plaintiff's own Coin Man Character.

71. Due to Defendants' unlawful, unfair, and fraudulent business acts and practices, Plaintiff has suffered injury in fact and been damaged. Plaintiff is entitled to amounts to be proven at trial, including amounts representing disgorgement of amounts received by Defendants from their wrongful conduct and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. A judgment that Defendants are liable for copyright infringement under the Copyright Act, Title 17 of the United States Code.

2. A judgment that Defendants are liable for contributory and vicarious copyright infringement under the Copyright Act, Title 17 of the United States Code.

3. A judgment that Defendants are liable for direct, contributory and vicarious trademark infringement under the Lanham Act § 43, 15 U.S.C. § 1125.

4. A judgment that Defendants are liable for direct, contributory and vicarious trade dress infringement under the Lanham Act § 43, 15 U.S.C. § 1125.

5. A judgment that Defendants are liable for Unfair Competition, Cal.

Bus. & Prof. Code, §§ 17200 et seq.

6. An injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    a. distributing, marketing, advertising, promoting, displaying, or authorizing any third party to distribute, market, advertise, promote, or display, the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

    b. reproducing, distributing, or publicly displaying] the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

    c. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

7. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

8. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all copies of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for producing them.

13
COMPLAINT                                    Case No. 2:22-cv-6514

9. That Defendants, at their own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

10. Awarding Plaintiff:

    a. Defendants' revenues from infringement, minus any deductible expenses or elements of profits that Defendants are able to show are not attributable to the infringement;

    b. Any profits obtained as a result of Defendants' infringing conduct, including, but not limited to all profits from sales and other exploitation of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

    c. damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

    d. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    e. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

11. Awarding Plaintiff injunctive relief, monetary relief in the form of actual damages and Defendants' profits, and attorneys' fees under 15 U.S.C. § 117(a), for Defendants' trademark infringement.

12. Awarding Plaintiff injunctive relief, monetary relief in the form of

actual damages and Defendants' profits, and attorneys' fees under 15 U.S.C. § 117(a), for Defendants' trade dress infringement.

13. Disgorgement of amounts received by Defendants from their wrongful conduct, and punitive damages, for Defendants' unfair competition.

14. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMANDED

Plaintiff demands a trial by jury.

DATED: September 13, 2022

Respectfully submitted,

 */s/Ryan E. Hatch*
Ryan E. Hatch (SBN 235577)
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5076
Facsimile: 310-693-5328
ryan@hatchlaw.com

*Attorney for Plaintiff John Hanrahan*